IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Lonette Covert, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 13 C 8613 |
| RTB Enterprises, Inc., a Texas corporation, d/b/a Allied Data Corporation, | ) ) ) ) ) | |
| Defendant. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Lonette Covert, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendant transacts business here.

## PARTIES

3. Plaintiff, Lonette Covert ("Covert"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in

Chicago, Illinois.

4. Defendant, RTB Enterprises, Inc., d/b/a Allied Data Corporation ("Allied"), is a Texas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Allied operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including consumers in the State of Illinois. In fact, Defendant Allied was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Moreover, Defendant Allied is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit A. In fact, Allied acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

6. Ms. Covert is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills. When Allied began calling her home telephone number, to collect a delinquent consumer debt from Ms. Covert that she allegedly owed to an on-line retailer, AmeriMark, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Allied's collection actions.

7. Accordingly, on October 24, 2013, one of Ms. Covert's attorneys at LASPD informed Allied, in writing, that Ms. Covert was represented by counsel, and directed Allied to cease contacting her, and to cease all further collection activities because Ms. Covert was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit B.

8.      Nonetheless, Defendant Allied continued to call Ms. Covert directly, including, but not limited to, telephone calls on October 31, 2013 and November 4, 2013, from telephone numbers 972-224-8028 and 915-799-0300, attempting to collect the delinquent AmeriMark debt.

9.      Accordingly, on November 4, 2013, one of Ms. Covert's LASPD attorneys had to write to Defendant Allied yet again to demand that it cease communications and cease collection of the debt.  Copies of this letter and fax confirmation are attached as Exhibit C.

10.     Defendant Allied's collection actions complained of herein occurred within one year of the date of this Complaint.

11.     Defendant Allied's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

12.     Plaintiff adopts and realleges ¶¶ 1-11.

13.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

14.     Here, the letter from Ms. Covert's, agent/attorney, LASPD, told Defendant Allied to cease communications and cease collections (Exhibit B).  By continuing to communicate regarding this debt and demanding payment, Defendant Allied violated §

3

1692c(c) of the FDCPA.

15. Defendant Allied's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

18. Defendant Allied knew that Ms. Covert was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit B), that she was represented by counsel, and had directed Defendant Allied to cease directly communicating with her. By directly calling Ms. Covert, despite being advised that she was represented by counsel, Defendant Allied violated § 1692c(a)(2) of the FDCPA.

19. Defendant Allied's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Lonette Covert, prays that this Court:

1. Find that Defendant Allied's debt collection actions violated the FDCPA;

5

    2.      Enter judgment in favor of Plaintiff Covert, and against Defendant Allied, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

    3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lonette Covert, demands trial by jury.

                                                                 Lonette Covert,

                                                                  By: /s/ David J. Philipps
                                                                  One of Plaintiff's Attorneys

Dated: December 2, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

5